Teena Colebrook
3940 S. Broad Street, #7258
San Luis Obispo, CA 93401
(310) 420-0508

Petitioner, In Pro Per

FILED
SEP 20 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT CENTRL DISTEICT STATE OF CALIFORNIA

| | |
|---|---|
| In RE:<br>ANDREA BOWEN GARDNER & PHILIP GARNDER<br><br>Debtor<br><br>Teena Colebrook<br><br>Plaintiff<br><br>ANDREA BOWEN GARDNER & PHILIP GARDNER<br><br>Defendants | Adv. Case # _____<br>Case No: 9:19-bk-11016-DS<br><br>**ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7); also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6) (c)**<br>Case # 19CV-0200 |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

Teena Colebrook Plaintiff and Creditor of the above-named Debtors, Andrea Bowen Gardner and Philip Gardner ("Defendants"), hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7); also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6) (c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and allege as follow

### INTRODUCTION

1. This is an action to object to entry of discharge in the chapter 7 bankruptcy case of Defendants Andrea Bowen Gardner and Philip Gardner case number Case No: 9:19-bk-11016-DS pending in the U.S. Bankruptcy Court for the

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

Central District of California, Santa Barbara Division.

2. 2. Defendants are not eligible for discharge as debtors in their bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7); also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6)

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. 5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff Teena Colebrook is, and was at all relevant times herein, a resident of San Luis Obispo.

7. Defendants Andrea Bowen Gardner and Philip Gardner as individuals are, and was at all relevant times herein, residents of San Luis Obispo County and owned Timeless Treasure Consignment Store whose principal place of business was 4554 Broad St #120, San Luis Obispo, CA 93406

## FACTUAL ALLEGATIONS

**A. Defendant's Bankruptcy Case**

8. On June 7th, 2019, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy case number **No: 9:19-bk-11016-DS**, in the U.S. Bankruptcy Court

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

for the Central District of California, Santa Barbara Division ("Bankruptcy Case").

9. Plaintiff has not yet been able to view the schedules and was not informed of this bankruptcy until Late August 2019 when defendants attorney sent a notice of Official form 309A with a completely illegible list of what I can only assume are creditors. Plaintiff has been travelling soon after receiving the notice and therefore plaintiff respectfully requests of the court to allow her time to file an amended complaint when she is back in town and is able to view the documents filed into this case.

## FIRST CAUSE OF ACTION

(For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to

11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7);

also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6)

Teena Colebrook incorporates by reference the allegations contained in the following paragraphs:

10. Debtors intended to hinder, delay and defraud creditors and has transferred, removed, concealed or has permitted to be transferred, removed, or concealed property of this Plaintiff and others by information and belief.

11. Debtors have concealed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the debtor's financial condition or business transactions might be ascertained by failing to provide and keep accurate records of creditors sales and proceeds.

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

12. Under Information and belief, the Debtors knowingly willfully attempted to evade taxes by taking cash payments from customers.

13. The Debtors with intent to deceive continually and regularly as late as April 26th, 2019 told Plaintiff that there was a potential buyer for the expensive original art pieces she had consigned to their company.

14. The Debtors fraudulently caused willful and malicious injury to Plaintiff and her property by not putting the consigned art onto the books and disposing of the art after continually being told that Plaintiff wanted her art back if it did not sell. Though two of the 7 pieces consigned magically were returned (one damaged) when Plaintiff requested their return after finding that the store had closed instead of moving as Defendants continually stated was going to happen.

15. Debtors intentionally and maliciously misled and deceived Plaintiff into believing that she was a valued customer and friend and that her pieces of art would be safe during the move to a new location when in fact Debtors had been in eviction proceedings for months.

16. Debtors sent an inventory look up sheet showing items sold or donated and Plaintiffs original art with an appraised value of over $100,000 is not listed anywhere on this document.

17. Upon information and belief, Defendant, with intent to hinder, delay, or defraud at least one of his creditors, transferred or removed, or permitted to be transferred or removed Plaintiffs Property Defendant violated the provisions of 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7); also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6)

¹18. California is committed to the rule of liberal construction of pleadings with a

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

view to substantial justice between the parties. Estate of Wickersham, 153 Cal 603 [96P.311[1] ][1]

### PRAYER FOR RELIEF

**WHEREFORE** Teena Colebrook prays for the entry of judgment against Defendant as follows:

1. That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant, with intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, her property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7); also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6)and/or

2. That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant transferred or removed the funds, or permitted the transfer or removal, of property of the estate with the intent to hinder, delay, or defraud a creditor in violation of the provisions of 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(3) and 727 (7); also 11 U.S.C. §§523 (c) (2) (a) (b) and 4 (6)

3. That the court allow an extension of time to file an objection to discharge for pro se Plaintiff to plead other facts and amend the complaint to show further causes of action.

Dated September 20, 2019

By s/Teena Colebrook.

Teena Colebrook
Plaintiff in Pro Per.

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE